**INTER–COUNTY TITLE COMPANY,**
Plaintiff–Appellant,

v.

**DATA TRACE INFORMATION SER-
VICES, LLC; First American Corp.;
First American Title Company of Ne-
vada; Founders Title Company of Ne-
vada, Defendants–Appellees.**

No. 03–15862.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided June 3, 2004.

James M. Walsh, Esq., Reno, NV, for
Plaintiff–Appellant.

Richard Joseph Nelson, Theodore Whit-
ley Chandler, Esq, Sidley Austin Brown &

Wood, LLP, San Francisco, CA, Robert E. Lyle, Esq., Lyle & Murphey, LLP, Reno, NV, for Defendants–Appellees.

Before: NOONAN, PAEZ, Circuit Judges, and SELNA, District Judge.*

MEMORANDUM **

Inter–County Title Company appeals summary judgment against its antitrust suit, which centered around access to the Back Plant, a database that reorganizes publicly available property information more efficiently. Inter–County argued that the plant owners' price for access is too high, violating the prohibition against unreasonable restraints of trade in 15 U.S.C. § 1 and the prohibition against monopolization or attempted monopolization in 15 U.S.C. § 2. Inter–County also claimed the Back Plant is an essential facility.

We affirm the district court's grant of summary judgment in favor of the appellees. Facts are referenced only as necessary to explain the decision.

I

Although Inter–County established the first element of its Section 1 claim by showing an agreement between the defendants, Inter–County failed to raise a triable question on whether the agreement was unreasonable. The Supreme Court has long read 15 U.S.C. § 1 to prohibit only unreasonable restraints of trade. *Bus. Electronics Corp. v. Sharp Electron-* ics Corp., 485 U.S. 717, 723, 108 S.Ct. 1515, 99 L.Ed.2d 808 (1988).

A

To show the threshold requirement of an agreement or other concerted action, the plaintiff need not demonstrate intent to control prices or destroy competition. Such intent is relevant to assessing whether an agreement is reasonable, not whether an agreement exists. *Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1153–54 (9th Cir.2003). The defendants' express price agreement met the threshold requirement of concerted action. *See id.*

B

Inter–County concedes that the price agreement must be scrutinized for reasonableness under the rule of reason. Inter–County failed to raise a triable question under the rule-of-reason analysis. "The rule of reason weighs legitimate justifications for a restraint against any anticompetitive effects." *Id.* at 1156.

"Under the rule of reason, to decide whether a challenged restraint is unreasonable under the Sherman Act, the focus is on actual effects that the challenged restraint has had on competition in a relevant market." *Adaptive Power Solutions, LLC v. Hughes Missile Sys. Co.*, 141 F.3d 947, 950–951 (9th Cir.1998) (internal quotation marks and brackets omitted). This court has repeatedly held that "section one claimants must plead and prove a reduction of competition in the market in general and not mere injury to their own positions as competitors in the market." *See*

---

* The Honorable James V. Selna, District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,* 884 F.2d 504, 508 (9th Cir.1989) (as amended) (citing cases). "Antitrust laws are designed to protect competition, not competitors." *Adaptive Power Solutionns, LLC,* 141 F.3d at 951.

Inter–County has failed to demonstrate anticompetitive effects stemming from the $1 million price for access to the Back Plant. Inter–County must focus on the $1 million price because Inter–County concedes—in accordance with its president's admission—that it had access to the Back Plant from the time it entered the Washoe County market until the defendants agreed on the $1 million price. Inter–County's claimed injuries stem from refusal to pay the $1 million price.

Inter–County claims that potential new entrants James P. Kiernan of Northern Nevada Title Company and Mark Tidd were discouraged from entering the Washoe County market because of the price of purchasing access to the Back Plant. Inter–County does not accurately present the testimony, however.

Kiernan did not testify that $1 million for access to the Back Plant was unreasonable or that he was deterred from entering the Washoe County market by the price. Kiernan explained he did not enter the Washoe County market because "at that point in time, 2001, I wasn't necessarily interested in moving into Washoe County." Kiernan also clarified that he was not deterred from entering the Washoe County market by an earlier $3 million quote. He did not enter Washoe County because he "really wasn't trying to get into Washoe County."

Tidd testified that he thought a $3 million price quote was high but Tidd did not state in the deposition transcript to which Inter–County points that he opted against entering the Washoe County market based on the price quote. Rather, Tidd acknowl-edged he knew there was room to negotiate around the quote and later learned of a lower price offer from the president of Inter–County.

Inter–County also argues that by 1990, only five of the twelve companies that founded the Back Plant remained. This is not evidence of anticompetitive harm stemming from lack of access to the Back Plant because the companies that have ceased operating in Washoe County had access to the Back Plant.

Not only has Inter–County failed to provide evidence of anticompetitive effect, undisputed evidence provides a legitimate justification for the price the Back Plant owners chose. It is undisputed that Data Trace representative Adam Castillo told the Back Plant owners at their pricing meeting that $1 million was the cost for reproducing the Back Plant overseas. Even Inter–County's research shows that the Back Plant can be reproduced for $900,000, close to Castillo's estimate. It is undisputed that the defendants set the $1 million price after agreeing to reject the contract formula, which yielded prices as high as approximately $6 million.

It is also undisputed that the method of pricing access at about 15 percent above the highest cost of reproducing the desired database overseas had been successfully used in the market to purchase access to the Carson City Back Plant. The Washoe County Back Plant owners' mark-up from the cost of reproduction was less—about 10 percent above Inter–County's estimate for producing the plant overseas and at zero mark-up from Castillo's estimate of the cost of reproduction.

Inter–County supplies no admissible evidence to contradict the evidence that the $1 million price was justified. Inter–County's conclusory expert affidavit about the propriety of an alternative pricing scheme

was struck by the district court in a ruling Inter–County does not contest.

Summary judgment on Inter–County's Section 1 claim was proper.

## II

The district court correctly dismissed Inter–County's Section 2 claim on the ground that Inter–County failed to show significant barriers to entry or the ability of competitors to expand their output in the short run. Dismissal would also have been proper based on the district court's finding that Inter–County failed to show anticompetitive effects.

### A

■ Inter–County stated it was pursuing both monopolization and attempted monopolization claims in its complaint. The requirements for monopolization and attempted monopolization claims "are similar, differing primarily in the requisite intent and the necessary level of monopoly power." *Image Technical Services v. Eastman Kodak Co.*, 125 F.3d 1195, 1202 (9th Cir.1997). To raise a triable monopoly claim, a plaintiff must show, among other things, monopoly power in the relevant market. *Id.* A plaintiff pursuing an attempted monopolization claim must show, among other things, a dangerous probability of achieving monopoly power. *Id.*

"[N]either monopoly power nor a dangerous probability of achieving monopoly power can exist absent evidence of barriers to new entry or expansion." *Am. Prof'l Testing Svc., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publications, Inc.*, 108 F.3d 1147, 1154 (9th Cir.1997).

"The ability to control output and prices ... depends largely on the ability of existing firms to quickly increase their own output in response to a contraction by the defendant." *Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1441 (9th Cir. 1995). "If there is undisputed evidence indicating that competitors have expanded output in the recent past, or have the ability to expand output in the future, summary disposition may be appropriate." *Id.*

Inter–County failed to supply evidence of a barrier to entry. And undisputed evidence shows that Inter–County's business increased in the recent past though its access to the Back Plant was halted. Summary judgment was proper on Inter–County's monopolization claims.

### B

■ Summary judgment is also appropriate on Inter–County's monopolization claims because Inter–County did not show anticompetitive effect. Injury to competition is a requisite to both a Section 1 and a Section 2 claim. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 811 (9th Cir. 1988). When the plaintiff has failed to demonstrate anticompetitive effect sufficient to withstand summary judgment on its Section 1 claim, summary judgment on its Section 2 claim is also proper. *See Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1158 (9th Cir.2003); *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 856 (9th Cir.1995).

## III

■ Summary judgment on Inter–County's essential facilities claim was proper because Inter–County failed to supply evidence of a fundamental element of an essential facility claim—that the defendants' title plant cannot reasonably be duplicated.

"The 'essential facilities' doctrine imposes on the owner of a facility that cannot reasonably be duplicated and which is essential to competition in a given market a

duty to make that facility available to its competitors on a nondiscriminatory basis." *Ferguson v. Greater Pocatello Chamber of Commerce, Inc.*, 848 F.2d 976, 983 (9th Cir.1988); *accord Metronet Services Corp. v. U.S. West Comm.*, 329 F.3d 986, 1010 (9th Cir.2003), *rev'd sub nom. on other grounds, Qwest Corp. v. MetroNet Services Corp.*, — U.S. —, —, 124 S.Ct. 1144, 1144, 157 L.Ed.2d 1040 (Jan. 20, 2004) (mem.). Proof of inability to reasonably or practicably duplicate the facility is necessary to establishing an essential facilities claim. *See Paladin*, 328 F.3d at 1162 n. 21; *City of Anaheim v. S. Cal. Edison Co.*, 955 F.2d 1373, 1380 (9th Cir.1992).

Inter–County has failed to show that it cannot reasonably or practicably duplicate the Back Plant. It is undisputed that Inter–County learned that the Back Plant can be reproduced from publicly available records for about $900,000. It is also undisputed that Inter–County has considered building its own geographic plant and entertained the possibility of joining with other title companies to build a geographic plant. Ormsby stated that Inter–County did not consider going it alone and paying the whole cost of building a plant "an option at this point." His unwillingness to pay the sum, however, does not mean that the Back Plant cannot be reasonably and practicably duplicated.

Summary judgment was proper on Inter–County's essential facilities claim.

## IV

The district court's summary judgment against Inter–County is AFFIRMED.